SALAHUDDIN F. SMART,

    Plaintiff,

    v.

COUNTY OF HOWARD,
WARDEN JOHN DOE and
CORRECTIONAL OFFICER JOHN DOE,

    Defendants.

Civil Action No. TDC-17-3701

## MEMORANDUM ORDER

Plaintiff Salahuddin F. Smart, formerly a pre-trial detainee at the Howard County Detention Center ("HCDC") in Jessup, Maryland, filed this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated because he was subjected to an unnecessary strip search. Pending before the Court is Defendants' Motion to Dismiss. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion is GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In his unverified Complaint, Smart alleges that, while detained "for a traffic ticket" at HCDC, he was "subjected to three separate strip searches prior to entering general population," but he appears to challenge the constitutionality of the third search only. Compl. 4-5, ECF No. 1. He has clarified that only the first and third searches were strip searches, while the second search was "a[n] electronic body scan search of whole body," which he claims was "virtually a strip

search." *Id.* at 5-6. Smart also asserts that he "was under continuous escort during [the] 3 searches and after the second search it was virtually impossible for [him] to obtain contraband" before the third search, which "immediately" followed the electronic scan. *Id.* at 4-5. Smart's Complaint is otherwise devoid of factual details about the searches, including how the strip searches were conducted, whether any body parts were touched by a correctional officer, how the electronic scan was conducted and what items it could detect, the number of individuals involved in each search, the extent of privacy afforded during the searches, when and where each search was conducted, and the results of the searches. Smart claims that the searches he experienced were pursuant to an institution-wide search policy formulated by HCDC's warden.

## DISCUSSION

Defendants have filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In their Motion, Defendants argue that: (1) any claim against Howard County must be dismissed for failure to allege a custom or official policy under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); (2) any claim against the Warden of HCDC, Jack Kavanaugh, must be dismissed because Smart has not alleged facts sufficient to demonstrate that Kavanagh personally deprived Smart of his constitutional rights; and (3) Smart has failed to state a claim upon which relief may be granted. Although notified of his right to do so, Smart has not filed a memorandum in opposition to the Motion.

## I.     Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of

self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II.  Strip Search

Strip searches of pretrial detainees implicate the Fourth and Fourteenth Amendments to the United States Constitution. In *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318 (2012), the United States Supreme Court upheld strip searches of pretrial detainees, regardless of the charged offense, that involved a close visual inspection of the detainee while undressed. *Id.* at 323-24, 339. Determining whether a particular strip search of a pretrial detainee is performed in an unreasonable manner "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails," including consideration of "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The Supreme Court stated that:

> [C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities. The task of determining whether a policy is reasonably related to legitimate security interests is peculiarly within the province and professional expertise of corrections officials. This Court has repeated the admonition that, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters.

*Florence*, 566 U.S. at 328 (internal citations omitted).

Given that strip searches of pretrial detainees before they enter general population are not *per se* unconstitutional, the Court assesses whether Smart has alleged sufficient facts to state a

3

plausible claim that he was subjected to an unconstitutional strip search. Smart does not allege that either the first strip search or the electronic body scan was unconstitutional. In asserting that the third search—the second physical strip search—was unconstitutional, Smart states that it was unnecessary because of the first two searches and because he was "under continuous escort" between the searches such that there was no opportunity to obtain contraband between the electronic scan and the challenged strip search. Compl. 4. Smart, however, has not provided adequate information about the nature and scope of the first strip search and the electronic scan to allow for the conclusion that they eliminated the need for a follow-up strip search. There are no factual allegations that describe the procedures followed in the first strip search that would support the conclusion that it was sufficiently thorough such that no further examinations were required. Similarly, an electronic scan is fundamentally different from a strip search, both in terms of ability to find contraband and the degree of the invasion of personal privacy. *See Florence*, 566 U.S. at 334 (stating that a visual inspection while undressed is "designed to uncover contraband that can go undetected by a patdown, metal detector, and other less invasive searches").

Moreover, Smart has provided no allegations relating to the results of the first strip search and the electronic scan. In particular, he has not asserted that they conclusively established that he did not possess contraband. To the extent that either search revealed contraband or had inconclusive results, the challenged strip search may have been necessary.

Finally, although Smart alleges that these searches were conducted as part of a policy at HCDC, he has not provided any facts, such as examples of other specific detainees who have received the same treatment, to support his broad allegation.

Accordingly, where strip searches of pretrial detainee before entering the general population are not *per se* unconstitutional, and Smart has not provided sufficient facts to support

4

a plausible claim that the follow-up strip search was unconstitutional, the Court will dismiss the Complaint without prejudice. *See Iqbal*, 556 U.S. at 679.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 19, is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.

2. The Clerk shall SEND a copy of this Memorandum Order to Smart.


Date:  February 28, 2019

THEODORE D. CHUANG
United States District Judge